## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Case No. _____** |
| | ) |
| **WAYNE CECIL,** | ) |
| **HOWARD BRYSON III,** | ) |
| **PHILIP JORDAN, DAVID KING,** | ) |
| **And DAMON WARD,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

The United States of America, Plaintiff, for and on behalf of its agency, the Small Business Administration ("SBA"), by and through its undersigned attorneys, brings this Complaint for money judgment against Defendants Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward, and states as follows:

### JURISDICTION AND VENUE

1.  This action is brought pursuant to 28 U.S.C. § 2415 and 28 U.S.C. §§ 3001, *et seq.*

2.  This Court has jurisdiction of this cause under Title 28 U.S.C. § 1345.

3.  Venue is proper in the Eastern District of Texas under 28 U.S.C. §1391(b)(2).

### PARTIES

4.  Plaintiff is the United States of America bringing this action on behalf of its agency, the Small Business Administration ("SBA").

5.   Plaintiff is informed and believes and thereon alleges that Defendants Wayne Cecil ("Cecil") and David King ("King") are individuals who reside in Cooke County, Texas, Defendants Howard Bryson III ("Bryson") and Philip Jordan ("Jordan") are individuals who reside in Denton County, Texas, and Defendant Damon Ward ("Ward") is an individual who resides in Tarrant County, Texas.

## FACTS

6.   On or about June 18, 2009, the Greater East Texas Certified Development Corporation, CDC No. 06-649 ("CDC"), made a loan with account number 32203760-10 under the Small Business Act, 15 U.S.C. § 631 *et seq.,* to Jet Works Air Center Management, L.L.C.  ("Jet Works").  As evidence of the loan, Jet Works made, executed, and delivered to the CDC its written promissory note (Note) dated June 18, 2009, in the principal sum of $1,650,000.00.  A copy of the Note is attached as Exhibit 1.

7.   To induce the CDC to make the loan, and in consideration thereof, Wayne Cecil unconditionally guaranteed payment of the Note by his written guarantee dated June 18, 2009.  A copy of Defendant Cecil's Guarantee is attached as Ex. 2.

8.   To induce the CDC to make the loan, and in consideration thereof, Howard Bryson III unconditionally guaranteed payment of the Note by his written guarantee dated June 18, 2009.  A copy of Defendant Bryson's Guarantee is attached as Ex. 3.

9.   To induce the CDC to make the loan, and in consideration thereof, Philip Jordan unconditionally guaranteed payment of the Note by his written guarantee dated June 18, 2009.  A copy of Defendant Jordan's Guarantee is attached as Ex. 4.

2

10.  To induce the CDC to make the loan, and in consideration thereof, David King unconditionally guaranteed payment of the Note by his written guarantee dated June 18, 2009.  A copy of Defendant King's Guarantee is attached as Ex. 5.

11.  To induce the CDC to make the loan, and in consideration thereof, Damon Ward unconditionally guaranteed payment of the Note by his written guarantee dated June 18, 2009.  A copy of Defendant Ward's Guarantee is attached as Ex. 6.

12.  For valuable consideration, the CDC endorsed and assigned the Note and the five (5) Guarantees to the SBA, and the SBA is the present owner and holder.

13.  The loan was made pursuant to Section 504 of the Small Business Act, 15 U.S.C. § 631 *et seq.*, to provide funds for the purpose of the lease and improvement of real estate located at 5035 Warbird Lane, Suite B, Denton, Texas 76207, and for the purchase and installation of equipment located at 5035 Warbird Lane, Suite B, Denton, Texas 76207.  The loan was secured by a Second Leasehold Deed of Trust on the buildings constructed on leased land located at 5035 Warbird Lane, Suite B, Denton, Texas 76207 and a second lien on the equipment and fixtures at that location.

14.  Jet Works defaulted under the terms of the Promissory Note by failing to make the payments due.  Collateral was liquidated in Jet Works' Chapter 7 Bankruptcy with SBA receiving $27,429.72 in proceeds on April 11, 2017, for the SBA claim in the bankruptcy case.

## CLAIM FOR RELIEF

15.  The payment obligations under the Defendants' Guarantees have been

3

properly accelerated and the entire balance of the Note and indebtedness is presently due and payable to SBA.  The Defendants Cecil, Bryson, Jordan, King, and Ward have been credited with all payments received on the Note.

16.  Defendants Cecil, Bryson, Jordan, King, and Ward have each breached the terms of their respective unconditional Guarantee of the Note, and the Defendants Cecil, Bryson, Jordan, King, and Ward are each in default under the terms of their respective Guarantee of the Note.

17.  Plaintiff is entitled to judgment against Defendants Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward for the unpaid balance under the Note pursuant to 28 U.S.C. §3001 (a)(1).

18.  As of January 7, 2021, there remains an outstanding and unpaid total sum of $2,088,372.10 on the Note representing:

Principal Balance:              $1,509,670.04
Accrued & Purchase Interest:     578,702.06

Total Indebtedness:             $2,088,372.10

Daily interest is accruing thereafter at the rate of $186.83 per day.  An Affidavit of Amount Due in the form of a Certificate of Indebtedness is attached hereto as Exhibit 7.

19.  Demand for payment of the indebtedness has been made on Defendants Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward, but they have each failed to make payment.

**WHEREFORE,** Plaintiff United States of America asks:

A.     For judgment in the amount of $2,088,372.10 against the Defendants Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward, individually, together with accrued interest, costs of this action, and costs of collection;

B.     That the United States may have such other and further relief against Defendants Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward, individually, as it may show itself justly entitled.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Ruth Harris Yeager*
Ruth Harris Yeager
Assistant U.S. Attorney
State Bar No. 09092700
110 N. College St., Suite 700
Tyler, Texas 75702
Tel:  903/590-1400
Fax:  903/590-1436

Attorneys for Plaintiff
United States of America

# EXHIBIT 1



**U.S. Small Business Administration**

# NOTE
### (CDC/504 LOANS)

| SBA Loan # | 32203760-10 |
|---|---|
| SBA Loan Name | JET WORKS AIR CENTER |
| Date | June 18, 2009 |
| Loan Amount | $1,650,000.00 |
| Borrower | JET WORKS AIR CENTER MANAGEMENT, L.L.C. |
| Operating Company | N/A |
| CDC | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION, CDC No. 06-649 |

Funding Date: August 12, 2009          *Interest Rate: _____ %

First Payment Due: September 1, 2009          *P&I Amount: $ _____

Note Maturity Date: August 1, 2029          *Monthly Payment: $ _____
(*blank at signing)

1.  **PROMISE TO PAY:**

    In return for the Loan, Borrower promises to pay to the order of CDC the amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS, interest on the unpaid principal balance, the fees specified in the Servicing Agent Agreement, and all other amounts required by this Note.

2.  **DEFINITIONS:**

    "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

    "Debenture" means the debenture issued by CDC to fund the Loan

    "Guarantor" means each person or entity that signs a guarantee of payment of this Note.

    "Loan" means the loan evidenced by this Note.

    "Loan Documents" means the documents related to this loan signed by Borrower, Guarantor, or anyone who pledges collateral.

    "SBA" means the Small Business Administration, an Agency of the United States of America.

    "Servicing Agent Agreement" means the agreement between the Borrower and the CDC that, among other things, appoints a servicing agent ("Servicing Agent") for this Note.

3.      **INTEREST RATE AND PAYMENTS:**

The terms of the Debenture sale will establish the interest rate, P&I amount, and Monthly Payment for this Note. Borrower acknowledges that these terms are unknown when Borrower signs this Note.

a.      Once established, the interest rate is fixed. Interest begins to accrue on the Funding Date.

b.      Monthly Payments are due on the first business day of each month, beginning on the First Payment Date and continuing until the Note Maturity Date, when all unpaid amounts will be due. Borrower must pay at the place and by the method the Servicing Agent or CDC designates. The Monthly Payment includes the monthly principal and interest installment (P & I Amount), and the monthly fees in the Servicing Agent Agreement. The Servicing Agent will apply regular Monthly Payments in the following order: 1) monthly fees, 2) accrued interest, and 3) principal.

4.      **LATE-PAYMENT FEE:**

CDC charges a late fee if the Servicing Agent receives a Monthly Payment after the fifteenth day of the month when it is due. The late fee is five percent of the payment amount, or $100.00, whichever is greater. The late fee is in addition to the regular Monthly Payment.

5.      **RIGHT TO PREPAY:**

Borrower may prepay this Note in full on a specific date each month set by the Servicing Agent. Borrower may not make partial prepayments. Borrower must give CDC at least 45 days' prior written notice. When it receives the notice, CDC will give Borrower prepayment instructions. At least 10 days before the payment date, Borrower must wire a non-refundable deposit of $1,000 to the Servicing Agent. The Servicing Agent will apply the deposit to the prepayment if Borrower prepays. In any prepayment, Borrower must pay the sum of all of the following amounts due and owing through the date of the next semi-annual Debenture payment:

a.      Principal balance;
b.      Interest;
c.      SBA guarantee fees;
d.      Servicing agent fees;
e.      CDC servicing fees;
f.      Late fees;
g.      Expenses incurred by CDC for which Borrower is responsible; and
h.      Any prepayment premium.

6.      **PREPAYMENT PREMIUM:**

If Borrower prepays during the first half of the Note term, Borrower must pay a prepayment premium. The formula for the prepayment premium is specified in the Debenture and may be obtained from CDC.

7.      **DEFAULT:**

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

a.      Fails to do anything required by this Note and other Loan Documents;
b.      Defaults on any other loan made or guaranteed by SBA;
c.      Does not preserve or account to CDC's satisfaction for any of the Collateral or its proceeds;
d.      Does not disclose, or anyone acting on their behalf does not disclose, any material fact to CDC or SBA;

**SBA Form 1505** (10-98 Note) Previous editions obsolete                                    **Checklist No. 4**
**Loan No. 32203760-10**                                                                                              **Page 2/5**

e. Makes, or anyone acting on their behalf makes, a materially false or misleading representation to CDC or SBA;

f. Defaults on any loan or agreement with another creditor, if CDC believes the default may materially affect Borrower's ability to pay this Note;

g. Fails to pay any taxes when due;

h. Becomes the subject of a proceeding under any bankruptcy or insolvency law;

i. Has a receiver or liquidator appointed for any part of their business or property;

j. Makes an assignment for the benefit of creditors;

k. Has any adverse change in financial condition or business operation that CDC believes may materially affect Borrower's ability to pay this Note;

l. Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without CDC's prior written consent, except for ownership changes of up to 5 percent beginning six months after the Loan closes; or

m. Becomes the subject of a civil or criminal action that CDC believes may materially affect Borrower's ability to pay this Note.

8. **CDC'S RIGHTS IF THERE IS A DEFAULT:**

Without notice or demand and without giving up any of its rights, CDC may:

a. Require immediate payment of all amounts owing under this Note;

b. Collect all amounts owing from any Borrower or Guarantor;

c. File suit and obtain judgment;

d. Take possession of any Collateral; and,

e. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

9. **CDC'S GENERAL POWERS:**

Without notice and without Borrower's consent, CDC may:

a. Bid or buy at any sale of Collateral by Lender or another lienholder, at any price it chooses;

b. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If CDC incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

c. Release anyone obligated to pay this Note;

d. Compromise, release, renew, extend or substitute any of the Collateral; and

e. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

10. **FEDERAL LAW:**

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. CDC or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

11.   **SUCCESSORS AND ASSIGNS:**

Under this Note, Borrower and Operating Company include the successors of each, and CDC includes its successors and assigns.

12.   **GENERAL PROVISIONS:**

a.   All individuals and entities signing this Note are jointly and severally liable.
b.   Borrower authorizes CDC, the Servicing Agent, or SBA to complete any blank terms in this Note and any other Loan Documents.  The completed terms will bind Borrower as if they were completed prior to this Note being signed.
c.   Borrower waives all suretyship defenses.
d.   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable CDC to acquire, perfect, or maintain CDC's liens on Collateral.
e.   CDC may exercise any of its rights separately or together, as many times and in any order it chooses. CDC may delay or forgo enforcing any of its rights without giving any up.
f.   Borrower may not use any oral statement to contradict or alter the written terms of, or raise a defense to, this Note.
g.   If any part of this Note is unenforceable, all other parts remain in effect.
h.   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor.  Borrower also waives any defenses based upon any claim that CDC did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

13.   **STATE-SPECIFIC PROVISIONS:**

None

14.   **BORROWER'S NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated under this Note as Borrower.

JET WORKS AIR CENTER MANAGEMENT,
L.L.C., a Texas limited liability company

By:   Denton Business Air Center Ltd,
a Texas limited partnership
its sole Member

By:   Denton Business Air Management,
LLC, a Texas limited liability
company, individually and as
its sole General Partner

By:   _____
Walter Wayne Cecil,
its Chief Executive Officer

**ASSIGNMENT:**  CDC assigns this Note to SBA.

GREATER EAST TEXAS CERTIFIED
DEVELOPMENT CORPORATION,
a Texas corporation

By:    _Judy E. Loder_
         Judy E. Loder,
         Vice President

# EXHIBIT 2



U.S. Small Business Administration

### U.S. Small Business Administration
# UNCONDITIONAL GUARANTEE

| | |
|---|---|
| **SBA Loan #** | 32203760-10 |
| **SBA Loan Name** | JET WORKS AIR CENTER |
| **Guarantor** | WALTER WAYNE CECIL |
| **Borrower** | JET WORKS AIR CENTER MANAGEMENT, L.L.C. |
| **Lender** | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION |
| **Date** | June 18, 2009 |
| **Note Amount** | $1,650,000.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated June 18, 2009 in the principal amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3. **DEFINITIONS:**

   "Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.

   "Loan" means the loan evidenced by the Note.

   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

4.    **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.    Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B.    Refrain from taking any action on the Note, the Collateral, or any guarantee;

C.    Release any Borrower or any guarantor of the Note;

D.    Compromise or settle with the Borrower or any guarantor of the Note;

E.    Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F.    Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G.    Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H.    Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.    **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.    **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.    Guarantor waives all rights to:

    1)    Require presentment, protest, or demand upon Borrower;
    2)    Redeem any Collateral before or after Lender disposes of it;
    3)    Have any disposition of Collateral advertised; and
    4)    Require a valuation of Collateral before or after Lender disposes of it.

B.    Guarantor waives any notice of:

    1)    Any default under the Note;
    2)    Presentment, dishonor, protest, or demand;
    3)    Execution of the Note;
    4)    Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
    5)    Any change in the financial condition or business operations of Borrower or any guarantor;
    6)    Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
    7)    The time or place of any sale or other disposition of Collateral.

C.      Guarantor waives defenses based upon any claim that:

1)      Lender failed to obtain any guarantee;
2)      Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
3)      Lender or others improperly valued or inspected the Collateral;
4)      The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
5)      Lender impaired the Collateral;
6)      Lender did not dispose of any of the Collateral;
7)      Lender did not conduct a commercially reasonable sale;
8)      Lender did not obtain the fair market value of the Collateral;
9)      Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
10)     The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11)     Lender made errors or omissions in Loan Documents or administration of the Loan;
12)     Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor:
13)     Lender impaired Guarantor's suretyship rights;
14)     Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15)     Borrower has avoided liability on the Note; or
16)     Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7.      **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.      **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.      **GENERAL PROVISIONS:**

A.      A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B.      SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a coguarantor with Guarantor. Guarantor has no right of contribution from SBA.

C.      SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D.      JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E.      DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F.   FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.   LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.   ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I.   SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.   CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.   **STATE-SPECIFIC PROVISIONS:**

None

11.   **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.   **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

WALTER WAYNE CECIL

(End of Guarantor's Signature Blocks)

**ASSIGNMENT:**  Lender assigns this Guarantee to SBA.

GREATER EAST TEXAS CERTIFIED
DEVELOPMENT CORPORATION,
a Texas corporation

By: _~~Judy E. Loden~~_____

Judy E. Loden,
Vice President

# EXHIBIT 3



**U.S. Small Business Administration**
# UNCONDITIONAL GUARANTEE

| SBA Loan #   | 32203760-10                                         |
|--------------|-----------------------------------------------------|
| SBA Loan Name | JET WORKS AIR CENTER                               |
| Guarantor    | HOWARD ARTHUR BRYSON III                            |
| Borrower     | JET WORKS AIR CENTER MANAGEMENT, L.L.C.             |
| Lender       | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION |
| Date         | June 18, 2009                                       |
| Note Amount  | $1,650,000.00                                       |

1.    **GUARANTEE:**

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.    **NOTE:**

The "Note" is the promissory note dated June 18, 2009 in the principal amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.    **DEFINITIONS:**

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
"Loan" means the loan evidenced by the Note.
"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
"SBA" means the Small Business Administration, an Agency of the United States of America.

4.   **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.   Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B.   Refrain from taking any action on the Note, the Collateral, or any guarantee;

C.   Release any Borrower or any guarantor of the Note;

D.   Compromise or settle with the Borrower or any guarantor of the Note;

E.   Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F.   Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G.   Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H.   Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.   **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.   **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.   Guarantor waives all rights to:

1)   Require presentment, protest, or demand upon Borrower;

2)   Redeem any Collateral before or after Lender disposes of it;

3)   Have any disposition of Collateral advertised; and

4)   Require a valuation of Collateral before or after Lender disposes of it.

B.   Guarantor waives any notice of:

1)   Any default under the Note;

2)   Presentment, dishonor, protest, or demand;

3)   Execution of the Note;

4)   Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;

5)   Any change in the financial condition or business operations of Borrower or any guarantor;

6)   Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and

7)   The time or place of any sale or other disposition of Collateral.

C.   Guarantor waives defenses based upon any claim that:

   1)   Lender failed to obtain any guarantee;
   2)   Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3)   Lender or others improperly valued or inspected the Collateral;
   4)   The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
   5)   Lender impaired the Collateral;
   6)   Lender did not dispose of any of the Collateral;
   7)   Lender did not conduct a commercially reasonable sale;
   8)   Lender did not obtain the fair market value of the Collateral;
   9)   Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
   10)  The financial condition of Borrower or any guarantor was overstated or has adversely changed;
   11)  Lender made errors or omissions in Loan Documents or administration of the Loan;
   12)  Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
   13)  Lender impaired Guarantor's suretyship rights;
   14)  Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
   15)  Borrower has avoided liability on the Note; or
   16)  Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7.   **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.   **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.   **GENERAL PROVISIONS:**

A.   A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B.   SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a coguarantor with Guarantor. Guarantor has no right of contribution from SBA.

C.   SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D.   JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E.   DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F.      FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.      LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.      ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I.      SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.      CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.     **STATE-SPECIFIC PROVISIONS:**

None

11.     **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.     **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.


HOWARD ARTHUR BRYSON III


(End of Guarantor's Signature Blocks)

**ASSIGNMENT:** Lender assigns this Guarantee to SBA.

GREATER EAST TEXAS CERTIFIED
DEVELOPMENT CORPORATION,
a Texas corporation

By:    *Judy E. Loden*

Judy E. Loden,
Vice President

# EXHIBIT 4



U.S. Small Business Administration

**U.S. Small Business Administration**
# UNCONDITIONAL GUARANTEE

| SBA Loan # | 32203760-10 |
|---|---|
| SBA Loan Name | JET WORKS AIR CENTER |
| Guarantor | JAMES PHILIP JORDAN |
| Borrower | JET WORKS AIR CENTER MANAGEMENT, L.L.C. |
| Lender | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION |
| Date | June 18, 2009 |
| Note Amount | $1,650,000.00 |

1.  **GUARANTEE:**

    Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.  **NOTE:**

    The "Note" is the promissory note dated June 18, 2009 in the principal amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.  **DEFINITIONS:**

    "Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
    "Loan" means the loan evidenced by the Note.
    "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
    "SBA" means the Small Business Administration, an Agency of the United States of America.

4.    **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.     Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
B.     Refrain from taking any action on the Note, the Collateral, or any guarantee;
C.     Release any Borrower or any guarantor of the Note;
D.     Compromise or settle with the Borrower or any guarantor of the Note;
E.     Substitute or release any of the Collateral, whether or not Lender receives anything in return;
F.     Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
G.     Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and
H.     Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.    **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.    **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.     Guarantor waives all rights to:

   1)     Require presentment, protest, or demand upon Borrower;
   2)     Redeem any Collateral before or after Lender disposes of it;
   3)     Have any disposition of Collateral advertised; and
   4)     Require a valuation of Collateral before or after Lender disposes of it.

B.     Guarantor waives any notice of:

   1)     Any default under the Note;
   2)     Presentment, dishonor, protest, or demand;
   3)     Execution of the Note;
   4)     Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5)     Any change in the financial condition or business operations of Borrower or any guarantor;
   6)     Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7)     The time or place of any sale or other disposition of Collateral.

C.      Guarantor waives defenses based upon any claim that:

1)      Lender failed to obtain any guarantee;
2)      Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
3)      Lender or others improperly valued or inspected the Collateral;
4)      The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
5)      Lender impaired the Collateral;
6)      Lender did not dispose of any of the Collateral;
7)      Lender did not conduct a commercially reasonable sale;
8)      Lender did not obtain the fair market value of the Collateral;
9)      Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
10)     The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11)     Lender made errors or omissions in Loan Documents or administration of the Loan;
12)     Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
13)     Lender impaired Guarantor's suretyship rights;
14)     Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15)     Borrower has avoided liability on the Note; or
16)     Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7.     **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.     **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.     **GENERAL PROVISIONS:**

A.      A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B.      SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a coguarantor with Guarantor. Guarantor has no right of contribution from SBA.

C.      SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D.      JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E.      DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F.   FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.   LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.   ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I.   SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.   CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.   **STATE-SPECIFIC PROVISIONS:**

None

11.   **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.   **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

JAMES PHILIP JORDAN

(End of Guarantor's Signature Blocks)

**ASSIGNMENT:**  Lender assigns this Guarantee to SBA.

GREATER EAST TEXAS CERTIFIED
DEVELOPMENT CORPORATION,
a Texas corporation

By:  _Judy E. Loden_____
Judy E. Loden,
Vice President

# EXHIBIT 5



U.S. Small Business Administration

**U.S. Small Business Administration**
# UNCONDITIONAL GUARANTEE

| SBA Loan # | 32203760-10 |
|---|---|
| SBA Loan Name | JET WORKS AIR CENTER |
| Guarantor | DAVID ALAN KING |
| Borrower | JET WORKS AIR CENTER MANAGEMENT, L.L.C. |
| Lender | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION |
| Date | June 18, 2009 |
| Note Amount | $1,650,000.00 |

1.   **GUARANTEE:**

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.   **NOTE:**

The "Note" is the promissory note dated June 18, 2009 in the principal amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.   **DEFINITIONS:**

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.

"Loan" means the loan evidenced by the Note.

"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

4.  **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.   Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
B.   Refrain from taking any action on the Note, the Collateral, or any guarantee;
C.   Release any Borrower or any guarantor of the Note;
D.   Compromise or settle with the Borrower or any guarantor of the Note;
E.   Substitute or release any of the Collateral, whether or not Lender receives anything in return;
F.   Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
G.   Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and
H.   Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.  **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.  **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.   Guarantor waives all rights to:

   1)   Require presentment, protest, or demand upon Borrower;
   2)   Redeem any Collateral before or after Lender disposes of it;
   3)   Have any disposition of Collateral advertised; and
   4)   Require a valuation of Collateral before or after Lender disposes of it.

B.   Guarantor waives any notice of:

   1)   Any default under the Note;
   2)   Presentment, dishonor, protest, or demand;
   3)   Execution of the Note;
   4)   Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5)   Any change in the financial condition or business operations of Borrower or any guarantor;
   6)   Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7)   The time or place of any sale or other disposition of Collateral.

C.  Guarantor waives defenses based upon any claim that:

1)  Lender failed to obtain any guarantee;
2)  Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
3)  Lender or others improperly valued or inspected the Collateral;
4)  The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
5)  Lender impaired the Collateral;
6)  Lender did not dispose of any of the Collateral;
7)  Lender did not conduct a commercially reasonable sale;
8)  Lender did not obtain the fair market value of the Collateral;
9)  Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
10)  The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11)  Lender made errors or omissions in Loan Documents or administration of the Loan;
12)  Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
13)  Lender impaired Guarantor's suretyship rights;
14)  Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15)  Borrower has avoided liability on the Note; or
16)  Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7.  **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8.  **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9.  **GENERAL PROVISIONS:**

A.  A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B.  SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a coguarantor with Guarantor. Guarantor has no right of contribution from SBA.

C.  SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D.  JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E.  DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F.     FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.     LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.     ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I.     SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.     CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.     **STATE-SPECIFIC PROVISIONS:**

None

11.     **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.     **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

_____

DAVID ALAN KING

(End of Guarantor's Signature Blocks)

**ASSIGNMENT:**  Lender assigns this Guarantee to SBA.

GREATER EAST TEXAS CERTIFIED
DEVELOPMENT CORPORATION,
a Texas corporation

By: _Judy E. Loden_

Judy E. Loden,
Vice President

# EXHIBIT 6



U.S. Small Business Administration

**U.S. Small Business Administration**
## UNCONDITIONAL GUARANTEE

| SBA Loan # | 32203760-10 |
|---|---|
| SBA Loan Name | JET WORKS AIR CENTER |
| Guarantor | RICHARD DAMON WARD |
| Borrower | JET WORKS AIR CENTER MANAGEMENT, L.L.C. |
| Lender | GREATER EAST TEXAS CERTIFIED DEVELOPMENT CORPORATION |
| Date | June 18, 2009 |
| Note Amount | $1,650,000.00 |

1.   **GUARANTEE:**

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.   **NOTE:**

The "Note" is the promissory note dated June 18, 2009 in the principal amount of ONE MILLION SIX HUNDRED FIFTY THOUSAND AND NO/100TH DOLLARS from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.   **DEFINITIONS:**

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
"Loan" means the loan evidenced by the Note.
"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
"SBA" means the Small Business Administration, an Agency of the United States of America.

4.      **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.      Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B.      Refrain from taking any action on the Note, the Collateral, or any guarantee;

C.      Release any Borrower or any guarantor of the Note;

D.      Compromise or settle with the Borrower or any guarantor of the Note;

E.      Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F.      Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G.      Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H.      Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.      **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.      **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.      Guarantor waives all rights to:

      1)      Require presentment, protest, or demand upon Borrower;

      2)      Redeem any Collateral before or after Lender disposes of it;

      3)      Have any disposition of Collateral advertised; and

      4)      Require a valuation of Collateral before or after Lender disposes of it.

B.      Guarantor waives any notice of:

      1)      Any default under the Note;

      2)      Presentment, dishonor, protest, or demand;

      3)      Execution of the Note;

      4)      Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;

      5)      Any change in the financial condition or business operations of Borrower or any guarantor;

      6)      Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and

      7)      The time or place of any sale or other disposition of Collateral.

F.      FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G.      LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H.      ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I.      SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J.      CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10.    **STATE-SPECIFIC PROVISIONS:**

None

11.    **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.    **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

RICHARD DAMON WARD

(End of Guarantor's Signature Blocks)

**ASSIGNMENT:**  Lender assigns this Guarantee to SBA.

> GREATER EAST TEXAS CERTIFIED
> DEVELOPMENT CORPORATION,
> a Texas corporation
>
> By: _Judy E. Loden_
>
> Judy E. Loden,
> Vice President

# EXHIBIT 7



# SMALL BUSINESS ADMINISTRATION
Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Division
Denver, CO  80259

## CERTIFICATE OF INDEBTNESS

I, Patrick C. Henning, Lead Accountant, Programmatic Accounting Division, Denver Finance Center, Office of the Chief Financial Officer, Small Business Administration, do hereby certify as such officer that I have the authority to make this Certificate and that the financial records of said Small Business Administration are under my custody including the records which are maintained in connection with a loan to: JET WORKS AIR CENTER MANAGEMENT LLC  SBA Loan #32203765-00.

Enclosed as Exhibit "A" is a Statement of Account and Transcript of Account relating to said loan, certified as true by Patrick C. Henning, Lead Accountant, Programmatic Accounting Division, Denver Finance Center, Office of the Chief Financial Officer, Small Business Administration.  Said Statement of Account and Transcript of Account are true and correct to the best of my personal knowledge and from my examination of the books and records of the Small Business Administration with respect to said loan, and are hereby incorporated with and made part of this certificate.

Executed this 7th day of January 2021     _____

                                        Patrick C. Henning, Lead Accountant

I, Julie Anne St. Germain, a Notary Public in and for the State of Colorado, do hereby certify that the above-named Lead Accountant is employed by the United States Small Business Administration, and that such officer has custody of the official financial records of the Small Business Administration.

My commission expires: January 08, 2022     _____
                                             Julie Anne St. Germain

E-Notary # 20144000961-386080



# SMALL BUSINESS ADMINISTRATION

Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Division
Denver, CO  80259

## CERTIFIED STATEMENT OF ACCOUNT

As of January 07, 2021
(Interest accrued on unpaid balance through above date)

| | |
|---|---|
| Loan Number: | 32203765-00 |
| Name: | JET WORKS AIR CENTER MANAGEMENT LLC |
| Address: | 5035 WARBIRD LANE, SUITE B, DENTON, TX 76207 |

Total Amount Disbursed:

| | | | |
|---|---|---|---|
| Loan | $ | 1,561,260.30 | |
| Care and Preservation of Collateral | $ | 00.00 | |
| Recoverable Expenses | $ | 51.00 | |
| Total Amount Disbursed | | | $ 1.561,311.30 |
| Less: Repayments | | | $ 51,641.26 |
| Plus: Returned Check | | | $ 0.00 |
| Current Balance | | | $ 1,509,670.04 |
| Add:  Accrued & Purchase Interest | | | $ 578,702.06 |
| Total Charges Outstanding | | | $ 2,088,372.10 |
| Less:  Escrow Balance | | | $ 0.00 |
| Total Indebtedness | | | $ 2,088,372.10 |

Interest rate on loan is 4.517%. Interest calculated thru 01/07/2021. Daily interest rate is currently accruing at a rate of $186.83 per day.

Date of Last Transaction        Interest Paid Through

04/11/2017

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

Patrick C. Henning, Lead Accountant
Authorized Signature and Title
SBA FORM 596 B (8-81)

01/07/2021

Date



**TRANSCRIPT FOR:**   SBA serviced, single interest rate loans.

**ENTER Interest Rate=**   4.517%     **DONE BY:**   pab

**PURPOSE of Transcript**

| TRANSCRIPT OF ACCOUNT | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NAME **Jet Works Air Center Management, LLC** | | | **SBA** U. S. Small Business Administration Denver, CO 80259 | | | | | |
| LOAN NUMBER **32203765-00** | | INTEREST RATE 4.517% | SERVICE OFFICE | | | | DATE 07-Jan-21 | |
| TRANSACTION DATE | INTEREST DAYS | DISBURS. / CPC (REFUND) | REMITTANCE | APPLICATION OF REMITTANCE | | | BALANCES | |
| | | | | PRINCIPAL | INTEREST | ACCR. INTEREST | PRINCIPAL | ACCR. INTEREST |
| 12/01/12 | | | | | | | $1,561,260.30 | $17,651.80 |
| 12/01/14 | 730 | 17.00 | $6,017.33 | $6,017.33 | $0.00 | $0.00 | 1,555,259.97 | $158,696.04 |
| 03/06/15 | 95 | 17.00 | 4,013.21 | $4,013.21 | 0.00 | 0.00 | 1,551,263.76 | 176,980.56 |
| 11/06/15 | 245 | 17.00 | 14,181.00 | $14,181.00 | 0.00 | 0.00 | 1,537,099.76 | 224,014.23 |
| 04/11/17 | 522 | | 27,429.72 | $27,429.72 | 0.00 | 0.00 | 1,509,670.04 | 323,309.77 |
| 01/07/21 | 1,367 | Int To Date | | $0.00 | 0.00 | 0.00 | 1,509,670.04 | 578,702.06 |
| 01/08/21 | 1 | Per Diem | | $0.00 | 0.00 | 0.00 | 1,509,670.04 | 578,888.89 |
| | 0 | | | $0.00 | 0.00 | 0.00 | 1,509,670.04 | 578,888.89 |
| | 0 | | | $0.00 | 0.00 | 0.00 | 1,509,670.04 | 578,888.89 |
| | 0 | | | $0.00 | 0.00 | 0.00 | 1,509,670.04 | 578,888.89 |
| **TOTALS** | | $51.00 | $51,641.26 | $51,641.26 | $0.00 | $0.00 | | |

LISTED ABOVE IS A TRANSCRIPT OF ACCOUNT AS OF THE DATES INDICATED, TAKEN FROM THE RECORDS OF THIS AGENCY.

| AUTHORIZED SIGNATURE PATRICK HENNING Digitally signed by PATRICK HENNING Date: 2021.01.07 11:35:05 -07'00' | | DATE |
|---|---|---|

SBA FORM 466 (11-95) SOP 20 22 1

| Calculation of Account 4020 | INTEREST RATE Change here if necessary | Principal First ? 1 = no 2 = yes |
|---|---|---|
| $141,044.24 | 4.517% | 2 |
| 18,284.52 | 4.517% | 2 |
| 47,033.67 | 4.517% | 2 |
| 99,295.54 | 4.517% | 2 |
| 255,392.29 | 4.517% | 2 |
| 186.83 | 4.517% | 2 |
| 0.00 | 4.517% | 2 |
| 0.00 | 4.517% | 2 |
| $561,237.09 | | |
| TOTAL 4020 | | |

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

Wayne Cecil, Howard Bryson III, Philip Jordan, David King, and Damon Ward

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cooke
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ruth Yeager, AUSA     903/590-1400
110 N. College St., Suite 700, Tyler, Texas 75702

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>[x] 190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark<br>880 Defend Trade Secrets Act of 2016 | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit (15 USC 1681 or 1692)<br>485 Telephone Consumer Protection Act<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | 890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Section 3001, et seq.

Brief description of cause:
Breach of Contract as Guarantors of Small Business Administration (SBA) Loan

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
2,088,372.10

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____      DOCKET NUMBER _____

DATE
01/15/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ruth Harris Yeager, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____